UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHAWNEE M BENARD #525713/94732 | CIVIL ACTION NO. 22-cv-1119 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CADDO MEDICAL STAFF ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Shawnee M. Bernard ("Plaintiff") is a pretrial detainee housed at Caddo Correctional Center ("CCC"). He filed this civil rights action against Caddo Medical Staff and three CCC nurses: Lenell Smith, Randy Leone, and James Procell. Plaintiff alleged that the nurses did not afford him proper care for a spider bite. Before the court is a Motion for Summary Judgment (Doc. 24) filed by the three nurses. For the reasons that follow, it is recommended that the motion be granted and that all claims against the nurses and Caddo Medical Staff be dismissed.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict

for either party.  Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986).  If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Relevant Facts**

Plaintiff alleged in his original complaint that, on April 21, 2022, he asked deputies to send him to the medical unit because he had a sore on the left side of his face.  Nurses (unnamed) in the medical unit allegedly told Plaintiff that the sore was a "hair bump" and sent him back to the dorm.  The sore allegedly worsened to the point that Plaintiff could not eat.  The court directed Plaintiff to allege more specific facts, and he responded (Doc. 9) by claiming that he was "bitten by a spider" on his face.  He alleged that nurses Smith, Leone, and Procell denied him proper medical care, which he did obtained after he was transported to the LSU Medical Center.

Defendants responded to the allegations with a well-supported motion for summary judgment that includes a detailed declaration from CCC Medical Director Kelli Hayes, RN. Attached to Hayes' affidavit are Plaintiff's intake screening from January 2022 and all his medical records for the months of April and May 2022.  Director Hayes explains that defendant Randy Leone, an LPN, performed the initial intake screening, and that was the

only time Leone saw or treated Plaintiff after he was booked into CCC. Leone filed his own declaration and specifically stated that he did not see or treat Plaintiff after that initial screening in January 2022.

The records show that Plaintiff first complained of facial swelling on April 21, 2022. The sick call notes state that Plaintiff had facial swelling in his left cheek that looked to be a boil. LPN Yarnell (not a defendant) wrote that over-the-counter medication would be given, and Plaintiff would see an MD the next day. Notes show that Plaintiff was prescribed Motrin/ibuprofen.

Nurse Patricia Lewis (not a defendant) entered a note on April 22 that Plaintiff complained of what she described as grade two pitting edema on the left side of his face. The nurse notified Dr. David Nelson (not a defendant) who prescribed generic Bactrim, an oral antibiotic that is used to treat various types of bacterial infections. The prescription was for a double-strength dose for seven days.

Nurse Lanell Smith (a defendant) saw Plaintiff in the medical unit on April 23. Smith's notes state that Plaintiff complained of pain and swelling to the left jaw, and swelling was "noted with pus-like hair follicle noted to face." The note stated that Plaintiff was on antibiotic therapy and that a possible liquid diet was discussed with Plaintiff.

Nurse James Procell (a defendant) saw Plaintiff on April 25 and noted that Plaintiff claimed that "a spider came out of my abscess." This was the first mention of a spider. Procell wrote that Plaintiff had a small spider in some tissue and an abscess to his left cheek. Procell wrote in the medical record that he explained that the spider could not survive inside of an abscess, and Plaintiff did not argue the point. The note stated that

Plaintiff was scheduled to see an MD. Nurse Procell submits a declaration that confirms these facts. He also explains that, as an LPN, he is not able to perform medical procedures or prescribe medications without direction from a physician or RN.

Plaintiff did see Dr. Nelson the next day, April 26, per the note from Nurse Procell. Dr. Nelson noted the facial abscess and sent Plaintiff to the LSU ER. Plaintiff was taken immediately to the ER. An ER physician diagnosed Plaintiff with a hair follicle abscess, performed an incision and drainage of the abscess, prescribed the same antibiotic at the same dosage as had been prescribed by CCC, and extended the treatment for a total of ten days. Pain medication was also prescribed. Plaintiff was placed on a liquid diet until May 6, 2022. CCC medical staff cleaned and dressed the affected area of Plaintiff's face on April 27 and 28, 2022. By May 1, 2022, a note by Nurse Procell read: "No open wound. Healed." The medical records contain no further discussion of the facial abscess.

**Analysis**

"The Fourteenth Amendment guarantees pretrial detainees a right 'not to have their serious medical needs met with deliberate indifference on the part of the confining officials.'" Dyer v. Houston, 964 F.3d 374, 380 (5th Cir. 2020), quoting Thompson v. Upshur Cty., Tex., 245 F.3d 447, 457 (5th Cir. 2001). See also Williams v. City of Yazoo, 41 F.4th 416, 423 (5th Cir. 2022). To succeed on a deliberate-indifference claim, a plaintiff must show that (1) the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and (2) the official actually drew that inference. Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 755 (5th Cir. 2001). "Deliberate indifference is an extremely high standard to meet." Id. at 756.

The three nurse defendants have presented competent summary judgment evidence that indicates they rendered reasonable medical care under the circumstances. Nothing in those facts permits even a reasonable inference of deliberate indifference to a serious medical need. Plaintiff filed an opposition (Doc. 29) to the motion, but it was not accompanied by competent evidence. Plaintiff merely complained that the CCC staff should have been able to determine that he was bitten by a spider. He contests the assertion that he had an infected hair follicle by noting that the hospital notes do not indicate that a hair was extracted from the wound.

Whether the swelling was caused by a spider bite, an infected hair follicle, or other source, the important thing is that the defendant nurses and other CCC medical staff acted promptly to treat Plaintiff with antibiotics and, when that was not working after a few days, sent him to the ER for care that resolved his medical issue. Neither unsuccessful medical treatment, mere acts of negligence, nor medical malpractice give rise to deliberate indifference. Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). Similarly, disagreement with the diagnostic measures or methods of treatment afforded by corrections officials does not state a constitutional claim for indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). The moving defendants are entitled to summary judgment.

Plaintiff's complaint also names as a defendant, "Caddo Medical Staff," but that is simply a description of a group of employees that may not be sued in that fashion. See Ferguson v. Prator, 2014 WL 2465534, *4 (W.D. La. 2014) ("The Medical Administration Caddo Correctional Center, named in the complaint, is also not a separate legal entity.");

Ross v. Soignet, 2023 WL 2769509, *3 (E.D. La. 2023) (attempt to name "Medical Staff" as a defendant was improper because it is not a legal entity capable of being sued; the specific medical personnel must be named). All claims against "Caddo Medical Staff" should also be dismissed.

Accordingly,

It is recommended that Defendants' Motion for Summary Judgment (Doc. 24) be granted and that all claims against defendants Lenell Smith, Randy Leone, and James Procell be dismissed with prejudice. It is further recommended that all claims against Caddo Medical Staff be dismissed on the grounds that it is not a legal entity that may be sued.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of June, 2023.

Mark L. Hornsby
U.S. Magistrate Judge